Charles J. Slack-Mendez, (SBN 014894)
Breann Elizabeth Slack (SBN 035996)
**SLACK-MENDEZ LAW FIRM**
2710 South Rural Road
Tempe, Arizona 85282
Emails: Charles@SlackMendez.com
         Breann@SlackMendez.com
Telephone: 480.829.1166
Facsimile:   480.829.4938

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wendell Cautrell, individually and on behalf of the statutory beneficiaries of Samuel James Cautrell; and Personal Representative of the Estate of Samuel James Cautrell, <br><br> Plaintiffs, <br><br> vs. <br><br> City of Nogales, a municipal entity; Officer Manuel Stimans, in his individual and official capacity; Carlos Jimenez, Nogales Police Chief, in his individual and official capacity; Doe Entities I-X; and Roes I-X, <br><br> Defendants. | Case No: CV-25-00664-TUC-JGZ <br><br> **JOINT REPORT** <br><br> **(Wrongful Death; 42 U.S.C. §1983 and §1988)** <br><br> (Jury Trial Demanded) |

The parties, through undersigned counsel, conferred as required by Rule 26(f) of the *Federal Rules of Civil Procedure*, hereby submit the following Joint Case Management Report.

1. **Attendance at the Rule 26(f) Meeting.**

The following individuals attended the Rule 16 Pretrial Scheduling Conference and assisted in developing this Joint Case Management Report:

| | |
|---|---|
| Breann E, Slack, Esq. <br> (480) 393-9774 <br> *Attorneys for Plaintiff* | Andrew J. Petersen <br> (520) 795-1900 <br> *Attorneys for Defendants* |

2. <u>**Statement of the case.**</u>

**Plaintiff's short statement:**

On December 5, 2024, at approximately 12:37 p.m. Defendant Stimans, a Nogales police officer shot and killed decedent Samuel Cautrell. Prior to shooting and killing Samuel, Defendant Stimans was conducting a field interview in which he reported he positioned himself approximately four feet from Samuel. Defendant Stimans requested Samuel wait with him until other officers responded to the scene. Samuel complied with Defendant Stimans' request and stayed. Defendant Stimans questioned Samuel regarding whether he was carrying any weapons and, in compliance, Samuel informed Defendant Stimans that he was carrying a knife in his pocket. Samuel complied when Defendant Stimans requested Samuel to remove the knife from his pocket.

Within seconds, Defendant Stimans shot Samuel in the head twice with his department issued firearm. Defendant Stimans was not wearing a body camera as Nogales police officers do not possess body worn cameras. Defendant Stimans continued to point his firearm at Samuel after Samuel had fatally collapsed on the roadway face down.

Pursuant to the autopsy report, Samuel had two significant injuries, having a bullet entrance on the right side of his head and an exit wound on the back of his neck and a significant laceration to Samuel's forehead. Samuel did not consume alcohol or substances, which is supported by his toxicology report which concluded no illicit substances were found in Samuel's blood. Samuel had no criminal record and no record of violent behavior. Samuel was a veteran who bravely served our country.

**Defendants' short statement:**

Plaintiff is the father of the deceased Samuel Cautrell. Samuel Cautrell was shot and killed by Nogales Police Officer Manuel Stimans on December 4, 2024, in Nogales, Arizona. Plaintiff brings state law and constitutional tort claims seeking monetary damages.

On December 4, 2024, Officer Stimans was driving his police car westbound on Western Avenue in Nogales, Arizona. Officer Stimans observed Samuel Cautrell walking

down the street. Mr. Cautrell matched the description of a burglary suspect that an ATL (attempt to locate) had been put out for. Officer Stimans pulled over and approached Mr. Cautrell. He asked if Mr. Cautrell if he had any weapons. Mr. Cautrell said, "Yes" and took a knife out of his pocket. Officer Stimans told Mr. Cautrell to drop the knife. Mr. Cautrell said, "The only way I'm going to drop my knife is if you shoot me." Mr. Cautrell then advanced towards Officer Stimans holding the knife up and in a threatening manner. Officer Stimans removed his gun and shot Mr. Cautrell. Two shots were fired. One shot hit Mr. Cautrell in the head killing him. City employees were working on the street near where the shooting occurred. They were interviewed and all said that Mr. Cautrell was advancing towards Officer Stimans with a knife in his hand and arm raised up in a threatening manner. One of the witnesses said that he was afraid for the officer's life. One of the witnesses took a short video after the shooting that shows Officer Stimans falling backwards and continuing to point his gun at Mr. Cautrell (who was on the ground). Mr. Cautrell had also been a suspect in a stabbing on November 28, 2024. He was identified, took in for questioning, and a knife that was found on him was taken for DNA testing as it appeared there was blood on it. In May of 2025, the test results came back and confirmed that Mr. Cautrell's knife had the victim Rogelio Rodriguez's blood on it. Prior to this incident, there have been no complaints of excessive force against Officer Stimans.

3. **A list of the elements of proof necessary for each count of the complaint and each affirmative defense.**

   **Plaintiff:** Plaintiffs assert the following claims: (1) Assault/Battery against Defendant Stimans and Vicarious Liability; Negligent Supervision against Defendants City of Nogales and Nogales Police Chief Carlos Jiminez; Unreasonable Use of Force against Defendant Stimans; 42 U.S.C. §1983 Municipal Liability; 42 U.S.C. §1983 Supervisor Liability; and 14th Amendment Liberty Interest in Familial Association.

- *Assault/Battery Against Defendant Stimans*: To establish Assault, Plaintiffs must prove Defendant Stimans intended to cause harmful or offensive contact with decedent Samuel Cautrell or cause decedent Samuel Cautrell apprehension of an immediate harmful or offensive contact and Defendant Stimans caused decedent Samuel Cautrell apprehension of an immediate harmful or offensive contact. *See* RESTATEMENT (SECOND) OF TORTS §§ 21-34; Garcia v. United States, 826 F.2d 806 (9th Cir. 1987); A.R.S. § 13-1203(A)(2); RAJI (CRIMINAL) 12.02 (Threatening or Intimidating) and 12.03 (Assault). To establish Battery, Plaintiffs must prove Defendant Stimans intended to cause a harmful or offensive contact with decedent Samuel Cautrell or cause decedent Samuel Cautrell apprehension of an immediate harmful or offensive contact and Defendant Stimans caused a harmful or offensive contact with decedent Samuel Cautrell. RESTATEMENT (SECOND) OF TORTS §§ 13-20; A.R.S. § 13-1203(A)(1) and (3); RAJI (CRIMINAL) 12.03 (Assault). See Garcia v. United States, 826 F.2d 806 (9th Cir. 1987).

- *Assault/Battery Respondeat Superior/Vicarious Liability*: Under Arizona law, a public entity is immune from claims of vicarious liability for an employee's actions unless it actually knew of the employee's propensity for a certain act. *A.R.S. § 12-820.05(B); Tucson Unified Sch. Dist. v. Borek ex rel. County of Pima,* 322 P.3d 181, 185 (Ariz. Ct. App. 2014). Arizona law has extended the definition of "public entities" to include sheriffs under *A.R.S. § 12-820(7). Sanchez v. Maricopa County,* 572 P.3d 101, 110–11 (Ariz. 2025) (concluding county sheriff was a "public entity" and could be sued in his official capacity). The allegations must include facts to show the public entity had actual knowledge of the employee's propensity. *Borek,* 322 P.3d at 184.

- *Negligent Supervision and Training*: Negligent training and supervision are state law tort actions that may be brought to hold an employer liable for his or her failure to properly train or supervise an employee. Restatement (Second)

4

of Agency § 213 (1958). For an employer to be held liable for negligent supervision under Arizona law, a plaintiff must demonstrate (1) the employer knew or should have known the employee was not competent to perform the assigned task and (2) the employer's failure to supervise the employee caused the plaintiff's injury. *Rice v. Brakel*, 310 P.3d 16, 21 (Ariz. Ct. App. 2013); see also *Charley v. United States*, 437 F. Supp. 3d 745, 750 (D. Ariz. 2020).

- *Unreasonable Use of Deadly Force*: To establish the unreasonable use of deadly force under U.S. federal law, a plaintiff must prove that a law enforcement officer, acting under color of law, used deadly force in a manner that was objectively unreasonable under the Fourth Amendment, typically by showing the absence of an immediate threat or probable cause to believe the suspect posed a significant threat of death or serious physical harm, and, where feasible, that no warning was given. The principal legal authorities are pursuant to 42 U.S.C. §1983 and the Fourth Amendment as interpreted by the Supreme Court in *Tennessee v. Garner* and *Graham v. Connor*.

- *Munipal Liability*: To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must prove that a constitutional violation was caused by an official municipal policy, custom, or a decision by a final policymaker, and that this policy or custom was the moving force behind the injury. The plaintiff must also demonstrate a direct causal link and, where the claim is based on a failure to train or supervise, deliberate indifference by the municipality. Liability cannot be based solely on the employment relationship or isolated incidents, and the policy or custom must be fairly attributable to the municipality itself. These elements, rooted in *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978) and its progeny, remain the controlling framework for municipal liability under § 1983, subject to the nuances and clarifications provided by subsequent case law.

- *Supervisor Liability:* Under § 1983, a supervisor may be held liable for constitutional deprivations committed by another. "Supervisor liability represents a form of personal liability against an individual," not a municipality. *McGrath v. Scott*, 250 F. Supp. 2d 1218, 1222 (D. Ariz. 2003). A supervisor "may be held liable . . . under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Henry A. v. Willden*, 678 F.3d 991, 1003–04 (9th Cir. 2012) (quoting Starr v. Boca, 652 F.3d 1202, 1207 (9th Cir. 2011)). A supervisor need not be physically present when the injury occurred. Starr, 652 F.3d at 1205. The supervisor's participation in a constitutional deprivation "could include his 'own culpable action or inaction.'" *Id*. (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). Allegations must plead the specific personal involvement of a supervisor; simply referring to "Defendants," without further specification as to who committed the conduct at issue, is not sufficient. *Henry A*., 678 F.3d at 1004.
- *Liberty Interest in Familial Association:* To establish a claim of liberty interest in familial association under 42 U.S.C. § 1983, a plaintiff must prove the existence of a constitutionally protected familial relationship, state action under color of law that intentionally or directly interfered with that relationship, and that the deprivation occurred without due process or was so egregious as to violate substantive due process.

**Defendants:**

The Defendants are protected from liability under both state and federal law. The shooting was justified, the use of force was reasonable, and the Defendants are entitled to qualified immunity because no constitutional violation occurred, and there is no clearly established law that deadly force cannot be used under this or similar circumstances. The Defendants affirmative defenses include:

1. Failure to state a claim;

2. Qualified immunity under state and federal law. Good faith immunity under state and federal law;

3. Justification under state and federal law including A.R.S. §§ 13-402, 13-403, 13-404, 13-405, 13-406, 13-409, 13-410, 13-411, 13-417, 13-421.

4. Cautrell's violations of law include: aggravated assault and endangerment on an officer when he pulled a knife and threatened Officer Stimans, A.R.S. § 13-2508 (resisting arrest); A.R.S. § 13-1204A.8(a) (aggravated assault on law enforcement officer); A.R.S. § 13-1201A (endangerment);

5. Punitive damages are precluded under state law.;

6. Punitive damages are precluded against the City and Chief Jimenez under federal law;

7. A.R.S. § 12-712(A) and 12-716;

8. A.R.S. § 12-820.02 (A) (11);

9. Any award of punitive damages would violate Due Process;

10. No duty to retreat; No duty to use less than lethal force;

11. Assumption of risk;

12. Cautrell caused his own death and is contributorily negligent and at fault for this.

**4. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions.**

**Plaintiffs:**

A. Whether Defendant Stimans' use of deadly force was unjustified;

B. Whether Defendant Stimans should have utilized less than lethal options;

C. Whether Defendant Stimans unreasonably escalated the interaction with decedent Samuel Cautrell prior to his death;

D. Whether Defendant Stimans committed unprivileged assault and/or battery;

E. Whether Defendants are liable for the actions and or inaction of Defendant Stimans for the state tort claims under the doctrine of respondeat superior/vicarious liability;

F. Whether individual Defendants may be held liable for their actions and or inactions against Plaintiffs for the state tort theories and/or 42 U.S.C. § 1983;

G. Whether Defendant City of Nogales is liable under 42 U.S.C. § 1983 based on the allegations in the Complaint;

H. The monetary value of Plaintiffs damages, including medical treatment, pre-death pain and suffering, loss of consortium, emotional trauma, loss of reputation and other dignitary and hedonic damages

**Defendants:**

There are no material disputed facts. This shooting was thoroughly investigated by The Arizona Department of Public Safety and reviewed by the Santa Cruz County Attorney. Both concluded the use of force was reasonable and justified.

5. **Jurisdiction.**

The court has original jurisdiction over the 42 U.S.C. §§ 1983 and 1988 constitutional claims pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343(a); and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. **Service.**

All named Defendants have been served and have answered in this matter.

7. **Parties not subject to the Court's jurisdiction**

All parties are subject to the Court's jurisdiction.

8

8. **Whether there are dispositive or partially dispositive issues to be decided by pretrial motions and legal issues about which any pretrial motions are contemplated.**

At this early stage, the parties have not identified any issues for dispositive or partially dispositive motions. The parties will evaluate dispositive or partially dispositive motions as the issues are developed through disclosure and discovery.

9. **Whether the parties anticipate filing cross-motions for summary judgment, whether an abbreviated breifing schedule comprised of: (1) a motion, (2) a response / cross-motion, (3) a response to cross-motion / reply, and (4) a reply to cross-motion is feasible and if so, proposed page limitations and filing deadlines for each brief.**

The parties do not anticipate filing cross-motions for summary judgment at this time.

10. **Whether the case is suitable for reference to a united states magistrate judge or a special master**

Plaintiffs agree that this case is suitable for reference to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

11. **Related Cases.**

None.

12. **Disclosure.**

The parties will exchange Rule 26(a)(1) Initial Disclosure Statements by no later than **March 6, 2026.**

13. **Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2), Fed. R. Civ. P.**

The parties have no other suggestions for changes to the discovery limitations at this time.

14. **Scope of Discovery**

    a. **The extent, nature, and location of discovery anticipated by the parties.**

    Both parties anticipate propounding written discovery requests. Plaintiffs anticipate deposing the named Defendants and individuals in Plaintiffs' Complaint. Plaintiffs anticipate deposing individuals named and/or authored in the relevant reports of this matter who have or may have knowledge of the incident, including but not limited to relevant Nogales police officers, investigative police officers of Pima County, and witnesses. Plaintiffs anticipate deposing a representative of the Nogales Police Department pursuant to Rule 30(b)(6) regarding the department's policies, procedures, customs, supervision and training. Plaintiffs anticipate deposing Defendants' expert witnesses, if any. Plaintiffs anticipate retaining economist/vocational, life expectancy, and liability experts.

    b. **Suggested changes, if any, to the discovery limitations imposed by the *Federal Rules of Civil Procedure*.**

    At this time, the parties propose each party be permitted fifteen (15) depositions

    c. **The number of hours permitted for each deposition.**

    The parties propose seven (7) hours be permitted for each deposition on a single day pursuant to Rule 30(d)(1), Fed. R. Civ. P., unless the parties agree otherwise.

15. **Electronically Stored Information.**

    The parties are not aware of any issues related to electronically stored information. The parties will use reasonable efforts to preserve relevant documents in their native format to the extent it becomes necessary to inspect electronically stored information. To the extent such documents are normally maintained in an electronic format and are reasonably accessible, such documents will be produced on paper or paper equivalent (such as in PDF format on a CD-Rom or DVD) or in a mutually agreeable form.

16. **Privilege and Work Product.**

    The parties are not currently aware of any issues related to claims of privilege or work product at this time. The parties propose that claims of privilege and work product be handled in accordance with the Federal Rules of Civil Procedure.

17. **Proposed Deadlines.**

    - The parties will exchange initial disclosures by **March 6, 2026**.
    - The deadline for adding parties and/or amending the Complaint shall be **60 days** from the date of the Scheduling Conference, **April 10, 2026**.
    - Plaintiff shall provide initial expert disclosures no later than **June 19, 2026**.
    - Defendants shall provide initial expert disclosures no later than **July 17, 2026**.
    - Rebuttal expert disclosures, if any, shall be made no later than **August 14, 2026**.
    - The parties shall disclose Fact/Lay witnesses no later than **August 14, 2026**.
    - The deadline for completion of discovery shall be **December 18, 2026**.
    - Dispositive motions shall be filed no later than **February 12, 2027**.
    - The deadline to file the joint proposed pretrial order shall be **February 12, 2027**.
    - The deadline to file the joint settlement status reports shall be **August 14, 2026,** and every 90 days thereafter.

18. **Counsel shall disclose what evidentiary hearings, such as Daubert, will be required and when such hearings shall be held.**

    The parties anticipate no evidentiary hearings at this time.

19. **Trial.**

    The parties anticipate they will be ready for trial by **March 8, 2027.** The estimated length of trial is twelve (**12**) Days.

20. **Request for Jury Trial.**

    Plaintiffs have requested a jury trial. The request is not contested.

21. **The prospects for settlement, specifically addressing the parties' wishes for a settlement conference and addressing any other way the Court can facilitate settlement.**

The parties believe that settlement negotiations are premature until further discovery and disclosure. The parties are open to the possibility of a settlement conference but do not wish to schedule one at this time. The parties agree to participate in meaningful settlement efforts and to solicit the services of a private mediator or U.S. Magistrate if needed after further case development.

22. **Any unusual, difficult, or complex problems affecting the conduct of track for case management purposes pursuant to LRCiv 16.2(b)(4).**

The parties do not request this case to be placed on the complex track for case management purposes.

23. **Any suggestions to expedite the disposition of this matter.**

There are no other matters at this time.

DATED this 3RD day of February, 2026.

| | |
|---|---|
| **SLACK-MÉNDEZ LAW FIRM** | **HUMPHREY & PETERSEN, P.C.** |
| /s/Charles J. Slack-Mendez | /s/Andrew J. Petersen |
| CHARLES J. SLACK-MÉNDEZ | ANDREW J. PETERSEN |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3<u>rd</u> day of February, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

ANDREW J. PETERSEN
**HUMPHREY & PETERSEN, P.C.**
6063 E. GRANT ROAD
TUCSON, ARIZONA 85712
APetersen@humphreyandpetersen.com
*Attorneys for Defendant*

By: <u>Sonia Reyna</u>